Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS E. CABANILLA,<br><br>Plaintiff,<br><br>-against-<br><br>HYDRANGEA ESTATES, LLC, and<br>DEBRA R. BLACK, individually,<br><br>Defendants. | Case No.:  20 CV 5406<br><br>**COMPLAINT IN<br>AN FLSA ACTION**<br><br>ECF CASE<br><br>Jury Trial Demanded |

Plaintiff, Luis E. Cabanilla ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Hydrangea Estates, LLC and Debra R. Black, individually (defendants collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid overtime wages; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest, and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Essex County, New Jersey.

6. Upon information and belief, Defendant, Hydrangea Estates LLC, was and is a limited liability company, existing under the laws of the State of New York, with a principal place of business located at 445 Park Avenue, Suite 1401, New York, New York 10022.

7. Upon information and belief, Defendant, Debra R. Black, is an owner, official, officer, director and/or managing agent of Hydrangea Estates, LLC, who primary address is 760 Park Avenue, New York, New York 10021, and who participated and continues to participate in the day-to-day operations of Hydrangea Estates LLC, and acted intentionally and was plaintiff's "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Hydrangea Estates LLC.

8. Plaintiff was employed by Defendants Hydrangea Estates LLC and Debra R. Black, in New York County, New York as a non-exempt chauffeur / driver, beginning on or about March 18, 2017 through on or about July 1, 2020, with the exception of approximately two (2) months at the end of 2017 through January 25, 2018.

9. At all relevant times, Hydrangea Estates LLC was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all times relevant to this litigation, Defendants, jointly, were Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

11. At all relevant times the work performed by Plaintiff was directly essential to the business operated by Hydrangea Estates LLC.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned overtime wages, in contravention of the FLSA and New York Labor Law.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. On or about March 18, 2017, Plaintiff, Luis E. Cabanilla, was hired by Defendants to work as a non-exempt chauffeur / driver, for Defendants' family, which employs household staff through a company registered to do business and known as "Hydrangea Estates LLC".

15. Plaintiff, Luis E. Cabanilla, worked for the Black family generally, and specifically Defendant Debra R. Black, beginning in March 2017, through July 1, 2020, with the exception of October 2017 through January 25, 2018.

16. During Plaintiff's employment by the corporate and individual Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked between fifty (50) and seventy (70) hours per week.

17. Plaintiff was engaged to be available for work seven (7) days per week, typically between 9:00 a.m. until 11:00 p.m. His daily schedule was provided to him by the personal assistant to Debra R. Black the day prior, though it was subject to change, and he could be required to work as many as fourteen (14) hours in a given day.

18. Plaintiff's workday began before picking up Debra R. Black or her designee, because he was required to retrieve the company vehicle from the garage, have it cleaned, and obtain necessary items such as newspapers and beverages, for the day.

19. When he was not required to drive Debra R. Black, Plaintiff was assigned other duties, such driving guests, business associates, pets, other family members, or performing other errands.

20. Upon information and belief, the defendants' time keeping system was not used properly because Plaintiff was always paid for forty (40) hours per week, depriving him of compensation for time spent working in excess of forty (40) hours per week.

21. At the time of hiring, Plaintiff was offered employment on an at-will basis, at an hourly rate of forty-eight dollars ($48.00) per hour.

22. Plaintiff was paid bi-weekly, for forty (40) hours worked, at an hourly rate of $48.00 per hour. He was only paid for forty (40) hours, even though he worked well in excess of forty (40) hours, most weeks.

23. Plaintiff was paid "straight time" for forty (40) hours per week; he did not receive an overtime premium or any compensation for work performed in excess of forty (40) hours each week.

24. At all times during his employment, Plaintiff was a non-exempt employee.

25. During Plaintiff's employment, he was paid by check. Plaintiff was not paid for all time worked, and work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate, as required by law.

26. Prior to 2020, Plaintiff did not receive annual wage notices required by New York State regulations.

27. Plaintiff was improperly compensated as an "exempt" employee.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

29. At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate or sufficient time records.

## STATEMENT OF CLAIM
### COUNT I
**[Violation of the Fair Labor Standards Act]**

30. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "29" of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. Plaintiff himself is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

34. Upon information and belief, at all relevant times throughout Plaintiff's employment, Defendants had annual gross revenues in excess of $500,000.

35. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

36. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

37. Plaintiff worked over forty (40) hours per week.

38. Plaintiff was never paid "time and a half" for hours worked in excess of forty (40) hours per week even though Defendants required him to work well more than forty (40) hours per week.

39. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess forty (40) per week.

40. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for his lawful overtime wages for hours worked, when they knew or should have known such was due and that non-payment of such would financially injury Plaintiff.

41. Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff sufficient to determine his hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

42. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

44. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

46. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

47. Defendant, Debra R. Black, is an individual who, upon information and belief, manages Hydrangea Estates LLC, and controls all business decisions at Defendant Hydrangea Estates LLC, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Plaintiff Luis Cabanilla, were required to work.

48. At all relevant times herein, Plaintiff performed his duties for Hydrangea Estates LLC under the direction and control of Debra R. Black, and family managers authorized to make scheduling decisions, by Debra R. Black.

49. At all relevant times herein, Debra R. Black, had the authority to make, and in fact made, decisions as to hiring, firing, scheduling, and as to wages, and acted as Plaintiff's employer as such term is used for purposes of the FLSA.

## COUNT II
## [Violation of the New York Labor Law]

50. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

52. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times his regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

53. Defendants knowingly and falsely, provided Plaintiff with a paystub stating he worked eighty (80) hours for two (2) weeks, when they knew his actual hours worked were greater.

54. Plaintiff was not part of "management"; his employment agreement acknowledges that he was entitled to overtime compensation.

55. Defendants willfully disregarded and purposefully evaded overtime compensation requirements of the New York Labor Law.

56. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

57. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. The New York State Wage Theft Prevention Act, New York Labor Law § 195(1), requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

59. The New York State Wage Theft Prevention Act, New York Labor Law § 195(3), requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

60. At times relevant to this action Plaintiff was not provided with an accurate wage statement as required by law, New York Labor Law § 195(3).

61. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover statutory penalties for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

62. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, Luis E. Cabanilla, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay overtime wages pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses of this action with reasonable attorneys' fees; and,

(h) Such other and further relief as the Court determines to be just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
July 14, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter H. Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:   Debra R. Black

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Luis Cabanilla intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Hydrangea Estates LLC, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       July 14, 2020

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

11

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, **LUIS CABANILLA**, am an employee currently or formerly employed by **HYDRANGEA ESTATES LLC**, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages/overtime compensation.

Dated: New York, New York
June 5, 2020

_____
Luis Cabanilla